```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION

LEVI-KENNETH HODGES,             *
      Plaintiff,                 *
vs.                              *     CASE NO. 3:09-CV-89 (CDL)
UNITED STATES OF AMERICA,        *
      Defendant.                 *
```

O R D E R

This *pro se* action arises from an IRS examination of Plaintiff Levi-Kenneth Hodges's 2004 federal income tax liability. In a classic "shotgun complaint," Plaintiff, a tax protester, challenges the statutory authority of the Internal Revenue Service ("IRS") to assess and collect taxes. His unfocused challenge includes a scattering of thirteen tort and contract claims. Defendant seeks dismissal of Plaintiff's Complaint based upon lack of subject matter jurisdiction and failure to state a claim. For the following reasons, Defendant's Motion to Dismiss (Doc. 4) is granted.[1]

DISCUSSION

Defendant contends that it is entitled to sovereign immunity as to Plaintiff's tort claims and that the Court of Federal Claims has exclusive jurisdiction over Plaintiff's contract claims. Therefore, Defendant seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction. To the extent that the Court has

---

[1] Plaintiff has filed a Motion for Summary Judgment (Doc. 6), which is now moot in light of the dismissal of Plaintiff's Complaint.

jurisdiction over any of Plaintiff's claims, Defendant argues that they should be dismissed because they fail to allege a claim upon which relief may be granted.

**I.   Subject Matter Jurisdiction**

<u>A.</u>   <u>Standard of Review</u>

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1). Defendant's challenge to jurisdiction is a facial one which "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction[.]" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) (second alteration in original) (internal quotation marks omitted). To survive such a challenge, "[a] complaint must contain 'enough factual matter (taken as true) to suggest'" each required jurisdictional element. *Rance v. D.R. Horton, Inc.*, 316 F. App'x 860, 862 (11th Cir. 2008) (per curiam) (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)). "'It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible.'"  *Id.* (quoting *Watts*, 495 F.3d at 1296).

Even construing Plaintiff's *pro se* Complaint liberally, it is beyond dispute that the Court does not have subject matter jurisdiction over Plaintiff's tort and contract claims.  As explained in the following discussion, Defendant is entitled to immunity on the

2

tort claims, and the Court of Federal Claims has exclusive jurisdiction over the contract claims.

### B.   Plaintiff's Tort Claims

Plaintiff's Complaint asserts various tort claims, each of which arise solely out of an IRS Revenue Agent's examination of Plaintiff's federal income tax liability. (Compl. ¶¶ 1-11.) The United States is entitled to sovereign immunity for any such claims and it has not waived that immunity. The law is clear. As stated in the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, ("FTCA"), the United States has not waived sovereign immunity as to "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). Consequently, the Court lacks subject matter jurisdiction and Plaintiff's tort claims must be dismissed. *See Capozzoli v. Tracey*, 663 F.2d 654, 657 n.2, 657-58 (5th Cir. Dec. 1981) (affirming dismissal of plaintiff's tort claims and stating district court lacked subject matter jurisdiction since "[t]he language [of 28 U.S.C. § 2680(c)] is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties").

### C.   Plaintiff's Contract Claims

Plaintiff's Complaint also alleges contract claims seeking in excess of $1 million in damages. (Compl. ¶¶ 12-13.) Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States

3

in excess of $10,000.  *Rease v. Harvey*, 238 F. App'x 492, 495 (11th Cir. 2007) (per curiam); *Begner v. United States*, 428 F.3d 998, 1002 (11th Cir. 2005).  Consequently, the Court lacks subject matter jurisdiction, and Plaintiff's contract claims must be dismissed.  *See Rease*, 238 F. App'x at 495 (affirming district court's dismissal of Tucker Act claim where Court of Federal Claims had exclusive jurisdiction); *Begner*, 428 F.3d at 1002 (stating that if case is under Tucker Act district court and court of appeals lack jurisdiction).[2]

## II.  Failure to State a Claim

For the sake of completeness, the Court observes that any remaining claims Plaintiff attempts to assert in his "shotgun complaint" that are not subject to dismissal for lack of subject matter jurisdiction must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[3]  "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."  *Brooks v. Blue Cross & Blue Shield of*

---

[2] In his motion for summary judgment, Plaintiff gratuitously seeks to reduce his prayer for damages to $10,000 to avoid dismissal.  To the extent that the court of appeals determines that this request in a motion for summary judgment should be construed as a motion to amend his Complaint, the Court denies any such motion to amend as futile because the allegations of the Complaint fail to state a claim for breach of contract. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) (explaining that futility is a basis for denying leave to amend under Federal Rule of Civil Procedure 15(a)(2)).

[3] Plaintiff makes vague allegations that Defendant is liable for violations of various federal statutes, denial of due process, and unjust enrichment.

*Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam). In reviewing a motion to dismiss under Rule 12(b)(6), a court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). "Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts*, 495 F.3d at 1295 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id.* at 1295-96 (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

None of Plaintiff's allegations "'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Accordingly, Plaintiff's remaining claims are dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the previous reasons, the Court grants Defendant's Motion to Dismiss (Doc. 4) and dismisses Plaintiff's Complaint in its entirety.

5

In light of that dismissal, Plaintiff's Motion for Summary Judgment (Doc. 6) is moot.

IT IS SO ORDERED, this 10th day of February, 2010.

                                                S/Clay D. Land
                                                    CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE